UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| NATHANIEL BASOLA SOBAYO,<br><br>Plaintiff,<br><br>v.<br><br>CALIBER HOME LOANS, INC., et al.,<br><br>Defendants. | Case No.  16-cv-04798-PJH<br><br>**ORDER DENYING MOTION TO REMAND; GRANTING MOTIONS TO SET ASIDE DEFAULT; GRANTING MOTIONS TO DISMISS; DENYING MOTION FOR PRELIMINARY INJUNCTION; DENYING MOTIONS TO STRIKE**<br><br>Re: Dkt. 8, 13, 31, 47, 50, 54, 61, 62, 86 |

On October, 26, 2016, a number of motions in this matter came on for hearing:  (1) plaintiff Nathaniel Basola Sobayo's motion to remand (Dkt. 50); (2) defendants Real Time Resolutions, Inc. ("RTR"), Caliber Home Loans, Inc. ("Caliber"), and Summit Management Company LLC's ("Summit") motions to set aside state court defaults (Dkt. 14, 54); (3) RTR and defendant Bank of America, Inc.'s ("BoA") motions to dismiss (Dkt. 8, 47); and (4) plaintiff's motion for a preliminary injunction (Dkt. 31).  Plaintiff appeared pro per.  Caliber and Summit appeared through their counsel, Kenneth MacArthur.  BoA appeared through its counsel, Jason Richardson.  RTR appeared through its counsel, Nathaniel Lucey.  Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES the motion to remand, GRANTS the motions to set aside the defaults, DENIES the motion for a preliminary injunction, and GRANTS the motions to dismiss with leave to amend for the following reasons, as well as those stated at the hearing.

## BACKGROUND

### A.    Facts Alleged in the Complaint

The case concerns Sobayo's claim to the property located at 329 Hawk Ridge Drive, Richmond, CA 94806 (the "Property").  On February 11, 2015, BoA approved a

1   short sale of the Property by Martin Musonge to Kingsway Capital Partners, LLC

2   ("Kingsway").  Compl. ¶ 8 & Ex. A (Dkt. 1-1).  This document (the "February 11 Letter" or

3   "the Letter") names the "approved buyer" as Kingsway, Sobayo's LLC.  Compl. Ex. A at

4   2.  The complaint conflates Sobayo and his LLC by naming the plaintiff as "Nathaniel

5   Basola Sobayo, dba Kingsway Capital Partners LLC."  Compl. at 1.  Thus, although the

6   complaint appears to allege that Sobayo, personally, was the buyer, the documents

7   themselves make clear that the buyer was Kingsway.

8       Approval of the short sale was needed as Musonge owed hundreds of thousands

9   of dollars on his outstanding mortgages on the Property.  Compl. Ex. A.  The February 11

10  Letter from BoA to Musonge indicates that the approved sales price is $580,000, and that

11  the approval is "void" unless closing takes place by March 26, 2015.  Id. at 2.  A

12  subsequent letter from BoA, dated March 24, 2015, extends the deadline by a few weeks,

13  stating that "[c]losing must take place not later than April 10, 2015 or this approval is

14  void."  Id. at 6.

15      Relying on the short sale approval letter, Musonge and Kingsway entered into a

16  contract for plaintiff to purchase the Property on July 10, 2015.  See Compl. ¶ 11 & Ex. B.

17  The real estate purchase contract indicates that the buyer is Kingsway, and the price is

18  given as $570,000.  Compl. Ex. B at 1.

19      On July 7, 2015, prior to the signing of the real estate purchase contract, BoA

20  transferred the deeds of trust on Musonge's loans.  Compl. ¶ 13.  Caliber was substituted

21  as trustee on the first deed of trust.  Id.  When plaintiff tried to close on the short sale in

22  August, Caliber objected.  Compl. ¶ 14.  On November 6, 2015, however, Caliber

23  approved the proposed short sale.  Compl. ¶ 15 & Ex. C.  This approval lists the required

24  sales price as not less than $570,000.  When plaintiff again attempted to close on the

25  sale, he could not do so because the second deed of trust had "not been transferred or

26  assigned by [BoA]."  Compl. ¶ 16.

27      In January 2016, RTR "claimed ownership" of the second deed of trust.  Compl.

28  ¶ 17.  RTR has refused to approve the short sale without receiving compensation.  The

United States District Court
Northern District of California

1  short sale approval allegedly was "cancel[ed]" by the "defendant[s]" on May 9, 2016.

2  Compl. ¶ 19.

3      Plaintiff's complaint asserts three causes of action, relying on the February 11

4  Letter from BoA to Musonge as a contract/promise that was breached by the

5  "defendants," who are treated as a collective.  The first cause of action construes the

6  February 11 Letter as a "contract" and asserts that this contract was breached when the

7  short sale was cancelled.  Compl. ¶¶ 8–20.  The second claim is for promissory estoppel.

8  It alleges that the February 11 Letter was a promise, on which Sobayo reasonably relied,

9  which induced him to enter into a contract to purchase the Property and to submit a

10  $40,000 down payment.  Compl. ¶¶ 21–27.  The third cause of action for fraud alleges

11  that the representations in the February 11 Letter were knowingly false.  Plaintiff relied on

12  these misrepresentations to perform due diligence regarding the Property, to enter into a

13  contract to purchase the Property, and to make a down payment.

14  **B.    Procedural History**

15      Sobayo's complaint was filed in state court on July 15, 2016, and served on all

16  defendants on July 21.  Dkt. 1-1.  Under California Rule of Civil Procedure 412.20(a)(3),

17  defendants' response to the complaint would have been due on August 22, 2016.

18      On August 19, defendants removed the case to this court on the basis of diversity

19  and filed a notice of removal in this court.  Dkt. 1.  On August 22, plaintiff agreed to a

20  stipulation to extend the time period for defendants to respond to the complaint for 60

21  days, until October 25, 2016.  On August 23, that stipulation was filed with this court.

22  Dkt. 5.  In a handwritten note on the stipulation, Sobayo indicates that he stipulates only

23  "if this court has jurisdiction" and "declares" that default was entered.  Id.

24      On August 23, the day after the state law deadline to respond, Sobayo had

25  requested entry of default in the state court.  Default was entered against Caliber,

26  Summit, and RTR on that same day.  See Dkt. 16 at 43–44 (state court docket).  The

27  notice of removal was filed with the state court on the following day, August 24, after

28  which the state court relinquished jurisdiction.

United States District Court
Northern District of California

1    On September 8, 2016, plaintiff filed a motion for a temporary restraining order

2    and preliminary injunction to prevent a foreclosure sale scheduled for September 13,

3    2016.  Dkt. 31.  Following Caliber and Summit's representation that they would delay the

4    foreclosure sale until plaintiff's motion for a preliminary injunction could be heard, Dkt. 37,

5    this court denied the motion for a temporary restraining order.  Dkt. 38.

6

7                          **SOBAYO'S MOTION TO REMAND**

8    **A.    Legal Standard**

9        "[A]ny civil action brought in a State court of which the district courts of the United

10   States have original jurisdiction, may be removed by the defendant . . . to the district

11   court of the United States for the district and division embracing the place where such

12   action is pending."  Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 7–

13   8 (1983) (citation omitted); see also 28 U.S.C. § 1441.

14       However, federal courts are courts of limited jurisdiction.  See, e.g., Kokkonen v.

15   Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Accordingly, the burden of

16   establishing federal jurisdiction for purposes of removal is on the party seeking removal,

17   and the removal statute is construed strictly against removal jurisdiction.  Valdez v.

18   Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004); Gaus v. Miles, Inc., 980 F.2d 564,

19   566 (9th Cir.1992).  "Federal jurisdiction must be rejected if there is any doubt as to the

20   right of removal in the first instance."  Gaus, 980 F.2d at 566.

21       **B.    Analysis**

22       Sobayo raises two concerns about the propriety of the notice of removal, neither of

23   which has merit.  First, Sobayo alleges that all of the defendants failed to "join in" the

24   removal, because there is no separate signature from each defendant indicating their

25   consent to removal.  However, "individual consent documents" are not required in this

26   circuit.  See Proctor v. Vishay Intertech. Inc., 584 F.3d 1208, 1225 (9th Cir. 2009)  The

27   notice of removal is signed by Caliber's attorney of record and indicates that "[a]ll

28   defendants consent to removal."  Dkt. 1 ¶ 4.  "One defendant's timely removal notice

4

1    containing an averment of the other defendants' consent and signed by an attorney of

2    record is sufficient" in the Ninth Circuit.  <u>Proctor</u>, 584 F.3d at 1225.

3            Second, Sobayo argues that there is no complete diversity of the parties because

4    both he and Summit are citizens of California.  However, the evidence submitted by

5    Caliber indicates that Summit is not a citizen of California.  Rather, as an LLC, Summit's

6    citizenship is determined by its members, and the only member of Summit is Caliber.

7    Caliber is incorporated in Delaware with a principal place of business in Texas.  Dkt. 59-2

8    Ex. D.  The only evidence that Sobayo submits to the contrary—a webpage of "Summit

9    Property Management, Inc.", Dkt. 52 Ex. B—appears to refer to a completely different

10   entity with a similar name.  Dkt. 59-2 Exs. C–D.

11          For these reasons, removal was proper and plaintiff's motion to remand is

12   DENIED.

13

14                    **CALIBER AND RTR'S MOTION TO VACATE STATE COURT DEFAULT**

15   **A.    Legal Standard**

16          A court may set aside a default for "good cause shown."  <u>See</u> Fed. R. Civ. P.

17   55(c).  The good cause analysis considers three factors:  (1) whether defendant engaged

18   in culpable conduct that led to the default; (2) whether defendant had a meritorious

19   defense; and/or (3) the prejudice to plaintiff.  <u>See</u> <u>TCI Group Life Ins. Plan v. Knoebber</u>,

20   244 F.3d 691, 696 (9th Cir.2001).  These factors are disjunctive, and the district court is

21   free to deny the motion "if any of the three factors [is] true."  <u>See</u> <u>Franchise Holding II,</u>

22   <u>LLC v. Huntington Restaurants Group, Inc.</u>, 375 F.3d 922, 925–26 (9th Cir. 2004)

23   (quotation omitted).

24          In a removed case, the Rule 55 standard governs motions to set aside defaults

25   entered in state court because a "federal court takes the case as it finds it on removal

26   and treats everything that occurred in the state court as if it had taken place in federal

27   court."  <u>Miles v. Banque Paribas</u>, 106 F.3d 408 (9th Cir. 1997) (table decision) (citing

28   <u>Butner v. Neustadter</u>, 324 F.2d 783, 785 (9th Cir.1963)).

United States District Court
Northern District of California

**B.    Analysis**

As explained at the hearing, the court has significant doubts as to whether default was properly entered in state court.  Once the case was removed on August 19, the Federal Rules of Civil Procedure applied; Rule 81(c)(2)(C) extended the deadline for defendants' response to the complaint, which was further extended by stipulation.  Dkt. 5.

Regardless of whether the entry of default was proper, good cause exists to set aside the defaults against RTR, Caliber, and Summit.  There is no culpability by defendants, nor any prejudice to plaintiff.  Defendants are actively defending on the merits in this court, having filed motions to dismiss the complaint.  Accordingly, the court GRANTS Caliber, Summit, and RTR's motions to set aside the state court defaults.

Sobayo has filed motions to strike RTR and Caliber's pleadings for lack of standing based on their default.  Dkt. 61, 62.  In light of this court's decision to set aside the defaults, the court hereby DENIES Sobayo's motions to strike.

**SOBAYO'S MOTION FOR A PRELIMINARY INJUNCTION**

For the reasons stated on the record at the hearing, the court DENIES Sobayo's motion for a preliminary injunction (Dkt. 31) as MOOT.  Caliber and Summit have represented to the court that they will postpone any foreclosure sale of the Property until a final judgment or settlement in this case.  Dkt. 57-1 ¶ 4 (Decl. of Russ Fukano).  There is therefore no threatened irreparable injury to justify an injunction.  Moreover, were the court to reach the merits of this motion, it would find that plaintiff has not shown a likelihood of success, for the reasons stated below regarding the motions to dismiss.

**RTR'S AND BOA'S MOTIONS TO DISMISS**

**A.    Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint.  Ileto v. Glock, Inc., 349 F.3d 1191, 1199–1200 (9th Cir. 2003).  To survive a motion to dismiss for failure to state a

United States District Court
Northern District of California

1    claim, a complaint generally must satisfy the requirements of Federal Rule of Civil

2    Procedure 8, which requires that a complaint include a "short and plain statement of the

3    claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

4          A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the

5    plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to

6    support a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699

7    (9th Cir. 1990).  The court is to "accept all factual allegations in the complaint as true and

8    construe the pleadings in the light most favorable to the nonmoving party."  Outdoor

9    Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899–900 (9th Cir. 2007).

10   Legally conclusory statements, not supported by actual factual allegations, need not be

11   accepted by the court.  Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009).  The allegations

12   in the complaint "must be enough to raise a right to relief above the speculative level."

13   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and quotations

14   omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that

15   allows the court to draw the reasonable inference that the defendant is liable for the

16   misconduct alleged."  Iqbal, 556 U.S. at 678 (citation omitted).  "[W]here the well-pleaded

17   facts do not permit the court to infer more than the mere possibility of misconduct, the

18   complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  Id.

19   at 679.  In the event dismissal is warranted, it is generally without prejudice, unless it is

20   clear the complaint cannot be saved by any amendment.  See Sparling v. Daou, 411 F.3d

21   1006, 1013 (9th Cir. 2005).

22   **B.    Analysis**

23         RTR and BoA's motions to dismiss raise several issues with Sobayo's complaint.

24   First, defendants argue that Sobayo lacks standing to bring this suit.  Any injury here was

25   to the potential buyer—Kingsway—and not to Sobayo.  Second, BoA argues that all of

26   plaintiff's claims fail because Sobayo failed to meet the express conditions of the Letter.

27   In particular, the Letter makes clear that the short sale approval is contingent upon

28   closing taking place by April 10, 2015 with a purchase price of $580,000.  Compl. Ex. A.

United States District Court
Northern District of California

1    Kingsway did not even enter into a contract to purchase the property until months after

2    the deadline, and the purchase price was $570,000.  Compl. Ex. B.  Third, RTR argues

3    that all claims against it must be dismissed because the complaint contains no

4    allegations of any contract, promise, or misrepresentations made to Sobayo by RTR.

5    The court finds that each of these arguments has merit.

6        Under the express terms of the Letter and the real estate purchase contract, the

7    potential buyer contemplated was Kingsway.  Thus, any injury was to Kingsway, an LLC,

8    not to Sobayo personally.  Sobayo lacks standing to pursue the claims here and

9    accordingly Sobayo is hereby DISMISSED as a plaintiff in this matter.  If Sobayo wishes

10   to pursue claims on behalf of his LLC, he cannot do so pro se and must secure legal

11   representation.  See United States v. High Country Broad. Co., 3 F.3d 1244, 1245 (9th

12   Cir. 1993); Civil Local Rule 3-9(b).

13       Although the standing issue would be in itself sufficient to mandate dismissal, the

14   court finds the complaint must also be dismissed for failure to state a claim.  The terms of

15   the Letter require closing to take place by April 10, 2015; the short sale approval is "void"

16   otherwise.  The complaint admits that no closing took place by April 2015; on the

17   contrary, the real estate purchase contract with Musonge was not even entered into until

18   July 2015.  Thus, even accepting all of the allegations in the complaint as true, Sobayo

19   has not stated a claim for breach of contract.  Sobayo's promissory estoppel claims fail

20   for analogous reasons.  Because the short sale approval was expressly contingent on the

21   sale being finalized before April 10, 2015, there could be no "reasonable reliance" by

22   Sobayo on the Letter's promise when closing did not occur by the deadline.  Nor was

23   there any fraudulent misrepresentation when defendants' actions were entirely consistent

24   with the terms of the Letter.

25       Finally, RTR is correct that the complaint lacks any allegations of a contract

26   between RTR and Sobayo, a promise by RTR to Sobayo, or a misrepresentation by RTR

27   to Sobayo.  Rather, as currently plead, plaintiff's claims arise from BoA's Letter.  All the

28   complaint says about RTR is that it "claimed ownership" of the second deed of trust in

1   January 2016 and demanded $63,823.95.  Compl. ¶ 19.  Sobayo provides no explanation

2   for why RTR (or Caliber/Summit) would be vicariously liable for BoA's actions.

3        For all these reasons, the motions to dismiss Sobayo's complaint are GRANTED.[1]

4   The court will, however, provide Sobayo leave to amend the complaint, in accordance

5   with its instructions below.

6   **C.   Instructions Regarding Leave to Amend**

7        First, any amended complaint must be brought on behalf of Kingsway Capital

8   Partners, LLC.  Kingsway must be represented by legal counsel, who shall enter an

9   appearance on the docket.

10       Second, to the extent that Kingsway wishes to rely on the Letter as the operative

11  contract/promise, it must allege specific facts that explain why the April 10,2015 deadline

12  was inapplicable and/or had been extended by the defendants.  A similar explanation

13  must be made with regard to the fact that the purchase price in the contract between

14  Kingsway and Musonge is lower than that approved in the Letter.  To the extent that

15  Kingsway wishes to rely on <u>other</u> short sale approvals by defendants, those facts must be

16  pled in the complaint.

17       Third, to the extent that Kingsway seeks to assert claims against RTR, Caliber,

18  and Summit, it must allege a contract, promise, or misrepresentation made <u>by these</u>

19  <u>defendants</u>.  As pled, the complaint focuses on representations made by BoA to

20  Musonge in the Letter.  Even presuming that Kingsway can claim to be a third party

21  beneficiary to the Letter, it is not clear to the court why RTR, Caliber, or Summit would be

22  bound by the representations in the Letter.  Any amended complaint shall make clear

23  what specific contracts/promises/representations were made by <u>each</u> defendant, or why

24  each defendant is bound by the contracts/promises/representations of another defendant.

25  It is not sufficient to treat all of the defendants as an undifferentiated group.

---

27  [1] A day before the hearing in this matter, Caliber filed a motion to dismiss.  Dkt. 86.  As
this motion is moot in light of the court's decision to dismiss the complaint, the motion has
28  been withdrawn.  Sobayo need not respond to this motion, and Caliber may of course
move again to dismiss if an amended complaint is filed.

Fourth, to the extent Kingsway seeks to rely on the theory that defendants failed to notify it regarding the transfer of servicing of Musonge's loans, Kingsway must explain why any defendant had a duty to notify Kingsway about the transfer of servicing. Moreover, the amended complaint should address why the transfer of servicing, which appears to be consistent with the express terms of the Letter, was fraudulent.  See Compl. Ex. A ("[S]ervicing for this loan may be transferred to a different loan servicer . . . . [T]he new servicer may not be required to accept the terms and conditions of a short sale.").

Finally, no new causes of action may be asserted in the amended complaint.

## CONCLUSION

For the foregoing reasons, Sobayo's motion to remand (Dkt. 50) is DENIED, RTR and Caliber's motions to vacate state court defaults (Dkt. 13, 54) are GRANTED, RTR and BoA's motions to dismiss (Dkt. 8, 47) are GRANTED, Sobayo's motion for a preliminary injunction (Dkt. 31) is DENIED as moot, and Sobayo's motions to strike pleadings (Dkt. 61, 62) are DENIED.

Sobayo shall have until **December 12** to secure representation and file an amended complaint on behalf of Kingsway.  Defendants shall have 21 days thereafter to respond.

**IT IS SO ORDERED.**

Dated:  October 27, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge