UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINGSWAY CAPITAL PARTNERS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CALIBER HOME LOANS, INC., et al.,<br><br>Defendants. | Case No. 16-cv-04798-PJH<br><br>**ORDER GRANTING BANA'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 102 |

Before the court is defendant Bank of America, N.A.'s motion to dismiss. Dkt. 102. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for March 1, 2017 is VACATED. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion, for the following reasons.

**BACKGROUND**

**A.   Procedural History**

This case centers on plaintiff Nathaniel Sobayo's efforts to purchase the property located at 329 Hawk Ridge Drive, Richmond, CA 94806 (the "Property") from Martin Musonge via a short sale. The original complaint asserted three causes of action, relying primarily on a February 11, 2015 letter from Bank of America, N.A. ("BANA") to Musonge, approving a short sale to Kingsway Capital Partners, LLC ("Kingsway"). Dkt. 1-1 Ex. A (the "Letter" or "February 11 Letter"). The first cause of action construed the Letter as a contract and asserted that the contract was breached when the short sale was cancelled. Dkt. 1-1 ¶¶ 8–20. The second claim was for promissory estoppel. It alleged that the Letter was a promise, on which Sobayo reasonably relied, which induced him to enter into a contract to purchase the Property from Musonge, and to submit a $40,000 down

1  payment.  Dkt. 1-1 ¶¶ 21–27.  The third cause of action, fraud, alleged that the
2  representations in the Letter were knowingly false.  Plaintiff relied on these
3  misrepresentations to perform due diligence regarding the Property, to enter into a
4  contract to purchase the Property, and to make a down payment.  All three claims were
5  asserted against all of the defendants: BANA, Real Time Resolutions, Inc. ("RTR"),
6  Caliber Home Loans, Inc. ("Caliber"), and Summit Management Company, LLC
7  ("Summit").

8  Following a hearing, the court granted the RTR's and BANA's motions to dismiss
9  the original complaint in an order dated October 27, 2016.  Dkt. 88.  The court held that
10 Sobayo did not have standing to pursue the claims pro se on behalf of Kingsway, which
11 was the named buyer in the Letter and purchase contract.  Id. at 8.  In addition, the court
12 dismissed the complaint on the merits for failure to state a claim, with leave to amend.
13 The simple reason was the express terms of the Letter, which required closing to take
14 place by April 10, 2015, or else the short sale approval was "void."  Id.  The complaint
15 admitted that no closing took place by April 10, 2015; on the contrary, the real estate
16 purchase contract was not even entered into until July 2015.  Thus, even accepting all of
17 the allegations in the complaint as true, plaintiff had not stated a claim for breach of
18 contract, promissory estoppel, or fraud.  Id. at 8–9.

19 The court instructed the plaintiff as follows regarding amendment:

> First, any amended complaint must be brought on behalf of Kingsway Capital Partners, LLC.  Kingsway must be represented by legal counsel, who shall enter an appearance on the docket.
>
> Second, to the extent that Kingsway wishes to rely on the Letter as the operative contract/promise, it must allege specific facts that explain why the April 10, 2015 deadline was inapplicable and/or had been extended by the defendants.  A similar explanation must be made with regard to the fact that the purchase price in the contract between Kingsway and Musonge is lower than that approved in the Letter.  To the extent that Kingsway wishes to rely on other short sale approvals by defendants, those facts must be pled in the complaint.
>
> Third, to the extent that Kingsway seeks to assert claims against RTR, Caliber, and Summit, it must allege a contract, promise, or

> misrepresentation made <u>by these defendants</u>. As pled, the complaint focuses on representations made by [BANA] to Musonge in the Letter. Even presuming that Kingsway can claim to be a third party beneficiary to the Letter, it is not clear to the court why RTR, Caliber, or Summit would be bound by the representations in the Letter. Any amended complaint shall make clear what specific contracts/promises/representations were made by <u>each</u> defendant . . . It is not sufficient to treat all of the defendants as an undifferentiated group.
>
> Fourth, to the extent Kingsway seeks to rely on the theory that defendants failed to notify it regarding the transfer of servicing of Musonge's loans, Kingsway must explain why any defendant had a duty to notify Kingsway about the transfer of servicing. . . .
>
> Finally, no new causes of action may be asserted in the amended complaint.

Dkt. 88 at 9–10.

Following the dismissal, Sobayo secured counsel, substituted Kingsway as plaintiff, and filed the first amended complaint ("FAC"). Dkt. 96. BANA responded with a motion to dismiss. Dkt. 102. Kingsway has not responded to the motion.

**B.   The First Amended Complaint**

Kingsway's FAC contains basically the same factual allegations as the original complaint. On February 11, 2015, Musonge entered into a written agreement with BANA approving a short sale of the Property to Kingsway with a sales price of $580,000. FAC ¶ 8; Dkt. 1-1 Ex. A. The February 11 Letter expressly required closing to take place "no later than 03/26/2015." <u>Id.</u> Though this fact is not pleaded in the FAC, the documents attached to the original complaint indicate that BANA subsequently extended the deadline to April 10, 2015. Dkt. 1-1 Ex. A at 7.

The FAC alleges that BANA, at an unspecified "[s]ubsequent" time, "orally and in writing waived the requirement that the short sale be for a sales price of $580,000 and also waived the closing date of March 26, 2015, leaving both subjects open for negotiation." FAC ¶ 10. The February 11 Letter "was made for the benefit of a purchaser of said short sale real property, including Plaintiff." FAC ¶ 11. Relying on the Letter, Kingsway entered into a written agreement to purchase the Property from Musonge.

FAC ¶ 12.  The purchase agreement was entered into on July 10, 2015, and lists a price of $570,000.  Dkt. 1-1 Ex. B.

On July 7, 2015, the first deed of trust on the Property was transferred from BANA to Caliber.  FAC ¶ 13.  On November 6, 2015, Caliber approved a short sale with a closing "no later than 12/04/2015" and a purchase price of $570,000.  FAC ¶¶ 14–17; Dkt. 1-1 Ex. C.  Caliber's approval "was made for the benefit of a purchaser of said short sale real property, including Plaintiff."  FAC ¶ 14.

Based on the above facts, Kingsway asserts three causes of action, each against all defendants:

> **1.  Breach of Contract**.  Alleges that plaintiff "performed all the terms and conditions of the subject contracts" (presumably, BANA and Caliber's short sale approval letters).  However, "Defendants refused to complete the short sale."  FAC ¶¶ 18–19.
>
> **2.  Fraud Per Cal Civil Code § 1572(4)**.  Alleges that at the time that defendants issued their letters promising to approve the short sale of the Property, "they had no intention of performing such promises."  Plaintiff reasonably relied on these "fraudulent promises."  FAC ¶¶ 21–24.
>
> **3.  Declaratory Relief**.  Plaintiff seeks a judicial declaration "setting forth the rights and duties" of the parties with regard to the short sale of the Property.  FAC ¶¶ 26–27.

## DISCUSSION

**A.   Legal Standards**

**1.   Federal Rule of Civil Procedure 12(b)(6)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint.  Ileto v. Glock, Inc., 349 F.3d 1191, 1199–1200 (9th Cir. 2003).  To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy the requirements of Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

///

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899–900 (9th Cir. 2007).

Legally conclusory statements, not supported by actual factual allegations, need not be accepted by the court. Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 679. In the event dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. See Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

### 2.     Federal Rule of Civil Procedure 9(b)

In actions alleging fraud, "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). This requires allegations of the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (citations omitted). "[A]llegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged 'so that they can defend against the charge and not just deny that they have done anything wrong.'" Sanford v. MemberWorks, Inc., 625 F.3d 550, 558 (9th Cir. 2010) (citation omitted). In addition, plaintiff must explain why the disputed statement was

untrue or misleading at the time that it was made. Yourish v. Cal. Amplifier, 191 F.3d 983, 992–93 (9th Cir. 1999).

**B.     Analysis**

As an initial matter, the court observes that plaintiff has failed to comply with its instructions regarding amendment in several respects. First, the FAC purports to make a new claim for a declaratory judgment even though the court ordered that "no new causes of action may be asserted in the amended complaint." Second, the FAC continues to treat all the defendants as "an undifferentiated group," asserting all three claims against all defendants, without specifying the "contract, promise, or misrepresentation" made by each defendant. Third, and most critically, plaintiff was required to plead "<u>specific</u> facts that explain why the April 10, 2015 deadline [and the purchase price requirement] was inapplicable and/or had been extended by the defendants." Dkt. 88 (emphasis added). Because the court finds that the FAC has not sufficiently pleaded such facts, it must be dismissed. Additionally, the court addresses the individual causes of action as follows.

Whether the first claim for breach of contract claim against BANA survives hinges on whether the FAC plausibly pleads that the closing date and purchase price requirements of the Letter were waived. BANA's February 11 Letter approved a short sale only under certain circumstances: a closing before April 10, 2015 and a purchase price of $580,000. Plaintiff's own pleading admits that these conditions were not met. The purchase agreement was not entered into until July 10, 2015, at a price of $570,000. Seeking to plead around this fundamental problem, paragraph 10 of the FAC alleges:

> Subsequent to February 11, 2015, however, [BANA] orally and in writing waived the requirement that the subject short sale be for a sales price of $580,000 and also waived the closing date of March 26, 2015, leaving both subjects open for negotiation and mutual agreement between [BANA] and Plaintiff.

The court finds that this allegation of "waiver" is too conclusory to save the contract claim. At most, the FAC alleges that these matters were "open for negotiation," not that there was a new binding contract approving a short sale with no deadline and no purchase

6

price requirement. Because no date is given, it is not clear whether the "waiver" was made prior to the existing April 10, 2015 deadline or after it. It is not even clear whether the alleged waiver was made to Musonge, or to Kingsway.

Moreover, as BANA points out, there is no allegation that any consideration was given in return for the "wavier." Cal. Civ. Code § 1698(c) ("Unless the contract otherwise expressly provides, a contract in writing may be modified by an oral agreement <u>supported by new consideration</u>.") (emphasis added). Finally, because the Letter was "an agreement authorizing . . . any other person to purchase or sell real estate," Cal. Civ. Code § 1624(a), it was subject to the statute of frauds and any modification would have to be in writing. See <u>Secrest v. Sec. Nat. Mortg. Loan Trust 2002-2</u>, 167 Cal. App. 4th 544, 553 (2008) ("An agreement to modify a contract that is subject to the statute of frauds is also subject to the statute of frauds."). Although paragraph 10 does allege that the waiver was made both "orally and in writing," no writing is attached to the FAC, and no specifics about any writing are alleged. For these reasons, the first cause of action for breach of contract is DISMISSED as to BANA.

The second and third claims also fail to state a claim against BANA. Fraud must be pleaded with particularity, and the complaint nowhere specifically alleges any misrepresentations made by BANA to Kingsway. The short sale approval letter by BANA made representations <u>to Musonge</u>, not to Kingsway, and in any event the Letter was not misleading by its express terms and the plaintiff's own allegations. To the extent that the alleged misrepresentations were made in the "waiver," plaintiff has not pleaded "the who, what, when, and how" of the fraud as required by Rule 9(b). <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1106 (9th Cir. 2003) (quotation omitted).

The third claim for declaratory relief was not permitted under the court's prior order. Regardless, declaratory relief is not an independent cause of action, but a remedy that must be based upon some other viable legal claim. <u>Wishnev v. Nw. Mut. Life Ins. Co.</u>, 162 F. Supp. 3d 930, 952 (N.D. Cal. 2016) ("Declaratory relief is not an independent cause of action or theory of recovery, only a remedy.").

**CONCLUSION**

For the foregoing reasons, BANA's motion to dismiss is GRANTED, and the complaint is dismissed as to BANA. Because plaintiff has already been afforded an opportunity to amend the complaint, but failed to cure its deficiencies despite the clear instructions of the court, the dismissal is WITH PREJUDICE. BANA shall be terminated as a defendant in this matter.

The court will address RTR's recently filed motion to dismiss (Dkt. 108), as well as any response to the complaint by Caliber and Summit, once those matters are fully briefed (presuming that the motion is not mooted in light of the parties' settlement discussions, see Dkt. 104).

**IT IS SO ORDERED.**

Dated: February 23, 2017

_____
PHYLLIS J. HAMILTON
United States District Judge