UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINGSWAY CAPITAL PARTNERS, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>CALIBER HOME LOANS, INC., et al.,<br><br>  Defendants. | Case No. 16-cv-04798-PJH<br><br>**ORDER GRANTING RTR'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 108 |

Before the court is defendant Real Time Resolutions, Inc.'s motion to dismiss plaintiff's first amended complaint. The matter is briefed and suitable for decision without oral argument. Accordingly, the hearing set for April 12, 2017 is VACATED. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion, for the following reasons.

**BACKGROUND**

**A.   The October 27, 2016 Dismissal Order**

This case centers on former plaintiff Nathaniel Sobayo's efforts to purchase the property located at 329 Hawk Ridge Drive, Richmond, CA 94806 (the "Property") from Martin Musonge via a short sale. The original complaint asserted three causes of action—breach of contract, promissory estoppel, and fraud—relying primarily on a February 11, 2015 letter from defendant Bank of America, N.A. ("BANA") to Musonge, approving a short sale. Dkt. 1-1 Ex. A (the "Letter" or "February 11 Letter"). BANA,

Caliber Home Loans, Inc. ("Caliber"), Summit Management Company, LLC ("Summit"), and Real Time Resolutions, Inc. ("RTR") were named as defendants.

In an order dated October 27, 2016, the court granted RTR's and BANA's motions to dismiss the original complaint. Dkt. 88. The court held that Sobayo did not have standing to pursue the claims pro se on behalf of Kingsway Capital Partners, LLC ("Kingsway"). Id. at 8. In addition, the court dismissed the complaint on the merits for failure to state a claim, with leave to amend. Id. at 8–9. The court instructed the plaintiff as follows regarding amendment:

> First, any amended complaint must be brought on behalf of Kingsway Capital Partners, LLC. Kingsway must be represented by legal counsel, who shall enter an appearance on the docket.
>
> Second, to the extent that Kingsway wishes to rely on the Letter as the operative contract/promise, it must allege specific facts that explain why the April 10, 2015 deadline was inapplicable and/or had been extended by the defendants. A similar explanation must be made with regard to the fact that the purchase price in the contract between Kingsway and Musonge is lower than that approved in the Letter. To the extent that Kingsway wishes to rely on other short sale approvals by defendants, those facts must be pled in the complaint.
>
> Third, to the extent that Kingsway seeks to assert claims against RTR, Caliber, and Summit, it must allege a contract, promise, or misrepresentation made <u>by these defendants</u>. As pled, the complaint focuses on representations made by [BANA] to Musonge in the Letter. Even presuming that Kingsway can claim to be a third party beneficiary to the Letter, it is not clear to the court why RTR, Caliber, or Summit would be bound by the representations in the Letter. Any amended complaint shall make clear what specific contracts/promises/representations were made by <u>each</u> defendant, or why each defendant is bound by the contracts/promises/representations of another defendant. It is not sufficient to treat all of the defendants as an undifferentiated group.
>
> Fourth, to the extent Kingsway seeks to rely on the theory that defendants failed to notify it regarding the transfer of servicing of Musonge's loans, Kingsway must explain why any defendant had a duty to notify Kingsway about the transfer of servicing. . . .
>
> Finally, no new causes of action may be asserted in the amended complaint.

Dkt. 88 at 9–10.

Subsequently, Sobayo secured counsel, substituted Kingsway as plaintiff, and filed the first amended complaint ("FAC") on December 22, 2016. Dkt. 96.

**B.     The Allegations in First Amended Complaint**

On February 11, 2015, Musonge entered into a written agreement with BANA approving a short sale of the Property to Kingsway with the sales price of $580,000. FAC ¶ 8; Dkt. 1-1 Ex. A. The February 11 Letter expressly required closing to take place "no later than 03/26/2015." Id. Although this fact is not pleaded, the documents attached to the original complaint indicate that BANA subsequently extended the deadline to April 10, 2015. Dkt. 1-1 Ex. A at 7.

The FAC alleges that BANA, at an unspecified "[s]ubsequent" time, "orally and in writing waived the requirement that the short sale be for a sales price of $580,000 and also waived the closing date of March 26, 2015, leaving both subjects open for negotiation." FAC ¶ 10. The February 11 Letter "was made for the benefit of a purchaser of said short sale real property, including Plaintiff." FAC ¶ 11. Relying on the Letter, Kingsway entered into a written agreement to purchase the Property from Musonge. FAC ¶ 12. The purchase agreement was entered into on July 10, 2015, and lists a price of $570,000. Dkt. 1-1 Ex. B.

On July 7, 2015, the first deed of trust on the Property was transferred from BANA to Caliber. FAC ¶ 13. On November 6, 2015, Caliber approved a short sale with a closing "no later than 12/04/2015" and a purchase price of $570,000. FAC ¶¶ 14–17; Dkt. 1-1 Ex. C. Caliber's approval "was made for the benefit of a purchaser of said short sale real property, including Plaintiff." FAC ¶ 14. Although plaintiff was "ready" and "willing" to pay $570,000, the "Defendants refused to complete the short sale," which "failed" as a result. FAC ¶ 17.

Based on these facts, Kingsway asserts three causes of action:

**1. Breach of Contract** (against all defendants). Alleges that plaintiff "performed all the terms and conditions of the subject contracts"—presumably, BANA and Caliber's short sale approval letters. However, "Defendants refused to complete the short sale." FAC ¶¶ 17–19.

3

**2. Fraud Per Cal. Civil Code § 1572(4)** (against all defendants).  Alleges that at the time that "Defendants" issued their letters promising to approve the short sale of the Property, "they had no intention of performing such promises."  Plaintiff reasonably relied on these "fraudulent promises."  FAC ¶¶ 21–24.

**3. Declaratory Relief** (against all defendants).  Plaintiff seeks a judicial declaration "setting forth the rights and duties" of the parties with regard to the short sale.  FAC ¶¶ 26–27.

### C.  Subsequent Procedural History

On February 23, 2017, the court granted BANA's motion to dismiss the FAC with prejudice.  Dkt. 109.  The court found that the claim for breach of contract against BANA did not plausibly plead that the purchase price and closing deadlines of the Letter were waived.  Id. at 6–7.  The second claim for fraud failed because it was not pleaded with particularity, and did not identify any misrepresentations made by BANA to Kingsway.  Id. at 7.  The third claim for declaratory relief was not permitted by the court's prior order, and is not a standalone cause of action in any event.  Id.  Accordingly, BANA was dismissed from the action.

RTR has now filed its own motion to dismiss.  Dkt. 108.  Kingsway has not responded to RTR's motion.

## DISCUSSION

### A.  Legal Standards

#### 1.  Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint.  Ileto v. Glock, Inc., 349 F.3d 1191, 1199–1200 (9th Cir. 2003).  To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy the requirements of Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699

(9th Cir. 1990).  The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899–900 (9th Cir. 2007).

Legally conclusory statements, not supported by actual factual allegations, need not be accepted by the court.  Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009).  The allegations in the complaint "must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and quotations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citation omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  Id. at 679.  In the event dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment.  See Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

**2.      Federal Rule of Civil Procedure 9(b)**

In actions alleging fraud, "the circumstances constituting fraud or mistake shall be stated with particularity."  Fed. R. Civ. P. 9(b).  This requires allegations of the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations."  Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (citations omitted).  "[A]llegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged 'so that they can defend against the charge and not just deny that they have done anything wrong.'"  Sanford v. MemberWorks, Inc., 625 F.3d 550, 558 (9th Cir. 2010) (citation omitted).  In addition, plaintiff must explain why the disputed statement was untrue or misleading at the time that it was made.  Yourish v. Cal. Amplifier, 191 F.3d 983, 992–93 (9th Cir. 1999).

///

**B.	Analysis**

Plaintiff failed to comply with the court's instructions regarding amendment in several respects. First, the FAC purports to make a new claim for a declaratory judgment even though the court ordered that "no new causes of action may be asserted in the amended complaint." Second, and critically, the FAC continues to treat all of the defendants as "an undifferentiated group," without establishing "a contract, promise, or misrepresentation made" by each defendant. Literally the only thing that the FAC says about RTR is that it is an "assignee" of Caliber and BANA. FAC ¶ 3.

As to the first claim, the FAC does not plausibly plead any breach of contract by RTR. All the FAC alleges is that RTR is an "assignee" of BANA and Caliber. This conclusory allegation is not sufficient to explain why RTR would be bound by the promises or representations of other defendants. See Dkt. 88 at 8. The FAC does not even explain what interest was assigned to RTR by BANA or Caliber. Because RTR is not a party to any contract alleged in the FAC, and Kingsway ignored this court's specific instruction to explain why RTR would be bound by the promises of other defendants, the court dismisses the contract claim against RTR, with prejudice.

The second and third claims must also be dismissed. Fraud must be pleaded with particularity, and the FAC nowhere specifically alleges any misrepresentations (or, indeed, any statements of any kind) made by RTR to Kingsway. Plaintiff has therefore not pleaded "the who, what, when, and how" of the fraud as required by Rule 9(b). Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (quotation omitted). There is no explanation why RTR would be liable for any alleged misrepresentations made by BANA or Caliber.

The third claim for declaratory relief was not permitted under the court's prior order. Regardless, this is not an independent cause of action, but a remedy that must be based upon some other viable legal claim. Wishnev v. Nw. Mut. Life Ins. Co., 162 F. Supp. 3d 930, 952 (N.D. Cal. 2016) ("Declaratory relief is not an independent cause of action or theory of recovery, only a remedy.").

6

**CONCLUSION**

For the foregoing reasons, RTR's motion to dismiss is GRANTED, and the FAC is dismissed as to RTR. Because plaintiff has already been afforded an opportunity to amend, but failed to cure the complaint's deficiencies despite the clear instructions of the court, the dismissal is WITH PREJUDICE. RTR shall be terminated as a defendant in this matter.

**IT IS SO ORDERED.**

Dated: March 30, 2017

_____
PHYLLIS J. HAMILTON
United States District Judge